

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 6, 2005

Mr. Reagan E. Greer
Executive Director
Texas Lottery Commission
Post Office Box 16630
Austin, Texas 78761-6630

Opinion No. GA-0323

Re: Whether the Lottery Commission may sell promotional items to the general public, Commission employees, or vendors with whom the Commission contracts (RQ-0287-GA)

Dear Mr. Greer:

On behalf of the Texas Lottery Commission (the "Commission"), you ask whether the Commission may sell promotional items to the general public, Commission employees, or vendors with whom the Commission contracts.[1]

You indicate that the Commission "regularly procures promotional goods[, such as] koozies, T-shirts, scratch-off coins, Christmas ornaments, towels, [and] sports bags . . . to distribute to lottery players and retailers through contests and direct-sales events." Request Letter, *supra* note 1, at 1. The Commission believes that the items "promote sales" of lottery tickets "and help to generate and maintain high levels of player awareness throughout the State." *Id.* at 1-2. The Commission now is considering whether to offer promotional goods for sale to the public, Commission employees, and vendors. *See id.* at 2. You therefore ask whether the Commission has authority to sell promotional goods "either on a cost[-]recovery or for-profit basis." *Id.*

The Commission has authority to sell promotional goods only if that authority is among the Commission's express powers or is necessarily implied from the Commission's express powers. A state agency has only those powers that the legislature has explicitly or implicitly delegated to the agency. *See Pub. Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315-16 (Tex. 2001); *R.R. Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992); Tex. Att'y Gen. Op. No. GA-0022 (2003) at 3.

Chapter 466—the State Lottery Act—and chapter 467 of the Government Code set out the Commission's powers. *See* TEX. GOV'T CODE ANN. chs. 466, 467 (Vernon 2004); *see also id.* § 466.001 (titling chapter 466). Under the statutes, the Commission has express authority to adopt

---

[1]*See* Letter from Reagan E. Greer, Executive Director, Texas Lottery Commission, to Honorable Greg Abbott, Texas Attorney General (Oct. 27, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

rules governing "the means of advertising to be used for the lottery." *Id.* § 466.015(c)(10). The Commission's executive director has express statutory authority to award a contract for lottery supplies or services, *see id.* § 466.014(c), as well as authority to purchase, lease, or contract for any necessary facilities, goods, and services. *Id.* § 466.101(a).

You suggest that the current General Appropriations Act authorizes the Commission to promote the lottery. *See* Request Letter, *supra* note 1, at 1 & n.1. You particularly cite two strategies that outline the Commission's marketing and advertising duties:

**A.1.2. Strategy:** MARKETING, RESEARCH, AND PROMOTION

[E]ducate players and provide opportunities to learn about lottery products . . . communicate game information . . . to lottery retailers . . . .

. . . .

**A.1.3. Strategy:** ADVERTISING

Inform adult Texans by mass media (television, radio, newspaper, billboards), point-of-sale materials and merchandising regarding lottery games . . . .

General Appropriations Act, 78th Leg., R.S., ch. 1330, art. VII, 14-15, 2003 Tex. Gen. Laws 5023, 5734-35.

Neither the Commission nor the executive director has express statutory authority to sell promotional goods. This office previously has concluded that a state agency must have express authority to engage in "what may be characterized as proprietary or commercial activities, if they are to engage in them at all." Tex. Att'y Gen. LO-93-004, at 3. For this reason, this office previously has determined that the Board of Nurse Examiners may not, by itself or through a vendor, secure advertising to cover the costs of producing and mailing an agency newsletter. *See id.* at 3. Similarly, this office previously has determined that the Governor's Office of Traffic Safety lacks authority to contract with a private entity to merchandise "Drive Friendly" T-shirts to generate revenue for the State Traffic Safety Program. *See* Tex. Att'y Gen. Op. No. H-366 (1974) at 3; *see also* Tex. Att'y Gen. Op. No. WW-192 (1957) at 3 (stating that a county may not enter a contract to sell asphalt, other than surplus asphalt, to the state).

We decline to infer authority to sell promotional goods from the Commission's or executive director's general statutory authority to regulate the means of advertising the lottery, *see* TEX. GOV'T CODE ANN. § 466.015(c)(10) (Vernon 2004) (authorizing the commission to adopt rules governing "the means of advertising to be used for the lottery"), although we believe the Commission is thereby authorized to advertise the lottery. The Commission and executive director successfully may exercise their statutory duty to advertise the sale of lottery tickets without selling promotional goods.

Because the Commission lacks statutory authority to sell promotional goods, we will not infer the authority from the appropriations act riders you cite. An appropriation act rider "may detail,

limit, or restrict the use of funds appropriated elsewhere in the appropriations act or may otherwise insure that money is spent for the purpose for which it is appropriated." Tex. Att'y Gen. Op. No. GA-0016 (2003) at 5 n.4. A rider may not, however, attempt to alter substantive law. *See Strake v. Ct. App. for the First Jud. Dist.*, 704 S.W.2d 746, 748 (Tex. 1986) (stating that a rider may not attempt to alter substantive law); *see also* TEX. CONST. art. III, § 35 (prohibiting a bill from containing more than one subject, although permitting general appropriation bills to "embrace the various subject and accounts, for and on account of which moneys are appropriated"); Tex. Att'y Gen. Op. No. GA-0143 (2004) at 8-9 ("General laws may not be adopted, repealed, or amended by a general appropriations act.").

Certain state agencies have express statutory authority to sell particular items. For example, the Parks and Wildlife Department has express authority under sections 12.006 and 13.017 of the Parks and Wildlife Code to "provide or sell information, including books, magazines, photographs, prints, and bulletins, to the public about wildlife values and management" and about state parks. TEX. PARKS & WILD. CODE ANN. §§ 12.006(a), 13.017(a) (Vernon 2002). The Parks and Wildlife Department has additional express authority to sell products grown on Department land when the product exceeds "wildlife management needs." *Id.* § 12.008(a). Similarly, the Department of Criminal Justice has express authority to sell repaired or refurbished data processing equipment to a school district, a state agency, or a political subdivision of the state. *See* TEX. GOV'T CODE ANN. § 497.012(b) (Vernon 2004); *see also id.* § 497.031 (authorizing the Department of Criminal Justice to sell "prison-made articles or products" to certain governmental entities and flags to the Commission on Law Enforcement Officer Standards and Education). The State Preservation Board has express statutory authority to operate gift and souvenir shops in the State Capitol and the General Land Office building, *see id.* § 443.013(d), and the Bob Bullock Texas State History Museum has express authority to operate a gift shop and food services, *see id.* § 445.003(a)(1), (2). By contrast, the Commission has not been granted such authority.

We conclude that the Commission has no authority to sell promotional goods. Whether the sales are made on "a cost[-]recovery or for-profit basis" is irrelevant. Our conclusion does not extend to the Commission's current practice of giving away promotional goods. *See supra* at 1 (stating that the Commission regularly procures and distributes promotional goods). Given our conclusion, we need not answer your remaining questions: into which treasury or account sales proceeds should be deposited, and what exposure to liability in contract, tort, or otherwise the Commission would have in connection with the sales. *See* Request Letter, *supra* note 1, at 2.

## S U M M A R Y

The Texas Lottery Commission lacks authority to sell promotional goods.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee